MARC A. PILOTIN
Regional Solicitor
ANDREW J. SCHULTZ
Counsel for Wage and Hour
NORMAN E. GARCIA (CSB # 215626)
Senior Trial Attorney
Office of the Solicitor
United States Department of Labor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
Telephone: (415) 625-7747
Facsimile: (415) 625-7772
Email: garcia.norman@dol.gov

Attorneys for Plaintiff Secretary of Labor

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>NORTHERN STONE SUPPLY, INC., a corporation, and GREGORY L. OSTERHOUT, an Individual,<br><br>Defendants. | **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

## INTRODUCTION

The Fair Labor Standards Act ("FLSA" or "Act") requires employers to pay employees a minimum wage for all hour worked and an overtime premium of time and a half for all hours worked in excess of forty in a work week. Contrary to those requirements, Defendants Northern Stone Supply, Inc., and Gregory L. Osterhout (collectively, "Defendants") have denied their employees the full lawful wages due and impeded the Secretary's investigation and their employees' ability to detect the violations by failing to maintain accurate records of employee hours and by retaliating against their employees who complained or who were suspected of complaining. Through these actions, Defendants

have harmed not only their own employees, but also law-abiding employers who face unfair competition in the marketplace due to Defendants' illegal practices. The Secretary brings this case to recover the wages owed to Defendants' employees, to enjoin future violations, and to protect the significant public interest at stake.

## NATURE OF THE ACTION

1. Plaintiff MARTIN J. WALSH, Secretary of Labor for the United States Department of Labor ("the Secretary"), is charged with enforcing the FLSA to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[.]" 29 U.S.C. § 202(a). In bringing actions under the FLSA, the Secretary represents not only the interest of the individual employees affected by an employer's violations of the law, but also the broader public interest, including the interests of law-abiding employers whose ability to compete is harmed by employers who pay their employees subminimum wages.

2. In this case, the Secretary seeks to enjoin Defendants from violating the requirements of the FLSA under § 17 of the Act, 29 U.S.C. § 217; and to recover all wages owed to Defendants' employees, including those listed by name on the attached Exhibit A to this Complaint, and any other employees that the Secretary later identifies together with an equal amount as liquidated damages, under § 16(c) of the Act, 29 U.S.C. § 216(c).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under § 17 of the FLSA, 29 U.S.C. § 217 (injunction proceedings to restrain violations of § 15 of the Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the District of Idaho pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Idaho.

## DEFENDANTS ARE EMPLOYERS SUBJECT TO THE FLSA

5. Defendant Northern Stone Supply, Inc. ("Northern Stone") is a corporation organized and existing under the laws of Idaho, with its principal place of business at 203 W. Main, Oakley, Idaho 83346. Northern Stone is a stone quarry involved in the quarrying, grading for size and color, packaging and marketing of natural quartzite building stone products. Northern Stone sells its products

across the United States, including in, but not limited to, California, Florida, Hawaii, Nevada, Pennsylvania, and Washington. To provide these stone products, Northern Stone employs workers, including the employees named in Exhibit A, who cut, classify, stack and package building stones and office workers who provide administrative and clerical support to the company. At all relevant times, Defendant Northern Stone is and has been an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and all other employees whom the Secretary later identifies.

6. Defendant Gregory L. Osterhout ("Osterhout") is the President, Chief Executive Officer, and sole owner of Northern Stone. He resides in Declo, Idaho. At all relevant times, he has directed the day-to-day operations of Northern Stone and acted directly or indirectly in the interest of Northern Stone in relation to its employees, including by hiring, firing, and supervising employees, determining their pay rates, schedules, and assignments, maintaining employment records, and determining other employment practices. As a result, he is individually liable as an employer under § 3(d) of the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Northern Stone's employees.

## **DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA**

7. At all relevant times, Osterhout operated and controlled Northern Stone for the common business purpose of providing stone building products for across the United States, including in, but not limited to, California, Florida, Hawaii, Nevada, Pennsylvania, and Washington. As a result, Northern Stone is and has been an "enterprise," as defined in FLSA § 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

8. At all relevant times, two or more Northern Stone employees have regularly and routinely handled or otherwise worked on goods or materials that have been moved in or produced for commerce, including building stones shipped to other states (e.g., California, Florida, Hawaii, Nevada, Pennsylvania, and Washington), and using John Deere excavation and loading equipment, Toyota forklifts and MEC cutting machines to process the building stones. At all relevant times, Northern Stone has had a gross annual revenue of over $1,000,000.00 As a result, Northern Stone is and at all

relevant times has been engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A), in that Northern Stone, at all relevant times, had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

9. Defendants hired and employed seasonal workers from Mexico to cut, classify, stack and package building stones under Section 218 of the Immigration and Nationality Act ("INA").[1] as amended by the Immigration and Reform Control Act of 1986 ("IRCA") and their Regulations at 20 C.F.R. Part 655 and 29 C.F.R. Part 503 ("H-2B Implementing Regulations").

10. In the Temporary Employment Certification ETA Form 9142B ("TEC") that Defendants submitted to the Secretary, they claimed that the H-2B workers were going to be paid an hourly wage of $12.79 and that the workers were just going to work 5 days a week, 8 hours a day for a 40-hour work week.

11. During the Secretary's investigation, Defendants told his Wage and Hour Division ("WHD") that their workers are paid by the hour based on a 40-hour work week as stated in the TEC of 8 hours a day for 5 days a week. Defendants also stated that these workers could work more than 40 hours in a week and that Defendants paid them for this extra work based on piece rates that varied by the type of rock. Defendants referenced this extra work payment as a "production bonus."

12. The WHD found that Defendants' workers worked between 80 - 94.5 hours per week and worked every day in a month save 3. This investigation also found that most of these workers were just paid piece rate such that, for most of them, their piece rate earnings were less than $12.79 dollars an hour (e.g., were between $10 - $11 an hour). The investigation further found that Defendants did not pay their workers time and a half for all hours worked in a work week in excess of 40 and that the first bi-monthly payments they made were not based on the actual hours worked.

13. During this investigation, Defendants failed to provide time records, despite repeated

---

[1] All references made herein to the INA will be to its Section 218, 8 U.S.C. § 1188.

Complaint 4

requests by the WHD, and stated that they did not track hours worked. The WHD subsequently obtained time records from the workers with Northern Stone's company logo identifying the start, stop and lunch times for a day. When questioned further by the WHD, Defendants stated that they did not maintain records of hours worked and that they gave the workers their only records of hours worked. This lack of record keeping forced this Division to reconstruct the number of hours worked based on the records that the workers individually kept and through interviews because not all of the workers kept the time documents provided by Defendants.

14. Some of Defendants' H-2B workers cooperated with the WHD during its investigation. After this cooperation, Defendants did not attempt to rehire many of those workers, whom they suspected of cooperating with the WHD. Additionally, Defendants likewise did not attempt to rehire these workers' family members and friends even though a number of the H-2B workers that Defendants did not attempt to rehire worked for them for over a decade and Defendants failed to rehire both of their two foreman who worked for them for over 10 years.

## **CLAIMS FOR RELIEF**
### **FIRST CLAIM FOR RELIEF**
### **Minimum Wage Violations**

15. The Secretary incorporates the facts alleged in Paragraphs 1-14.

16. Defendants have violated provisions of Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, at wage rates less than the applicable federal minimum wage.

17. At all relevant times, Defendants have willfully violated Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2). Defendants knew or should have known of the FLSA's minimum wage requirements but nevertheless employed workers without properly compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid minimum wage compensation found to be due to present and former employees, including the persons

named on the attached Exhibit A, as well as any employees whom the Secretary later identifies.

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Premiums in Violation of the FLSA

18. The Secretary incorporates the facts alleged in Paragraphs 1-14.

19. Defendants have violated §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing their employees engaged in commerce or in an enterprise engaged in commerce, for workweeks longer than 40 hours without compensating the employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

20. At all relevant times, Defendants have willfully violated §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2). Defendants knew or should have known of the FLSA's overtime requirements but nevertheless employed workers without properly compensating them. Section 17 of the FLSA, 29 U.S.C. § 217, authorizes the Court to enter a judgment that enjoins and restrains this violation, including restraining Defendants from withholding payment of unpaid overtime compensation found to be due to present and former employees, including the persons named on the attached Exhibit A, as well as any employees whom the Secretary later identifies.

## THIRD CLAIM FOR RELIEF

### Violation of Recordkeeping Provisions of the FLSA

21. The Secretary incorporates the facts alleged in Paragraphs 11-14.

22. Defendants have violated §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. § 516.

23. At all relevant times, Defendants have willfully violated §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5). Defendants knew or should have known of the Act's recordkeeping requirements, and failed to maintain, keep, make available (to the Secretary's agents for inspection, transcription, and/or copying), and preserve accurate records of all employees of the wages, hours, and other conditions and practices of employment maintained, as prescribed by 29 C.F.R. § 516.

## FOURTH CLAIM FOR RELIEF

### Interference with FLSA Rights

24. The Secretary incorporates the facts alleged in Paragraphs 1-14.

25. Defendants have violated § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), including by terminating employees whom Defendants suspected of complaining to the Wage and Hour Division, intimidating or attempting to intimidate employees not to cooperate with the Secretary's investigators, and otherwise interfering with the employees' ability to exercise their rights under the FLSA, including by failing to maintain accurate time records.

26. At all relevant times, Defendants have willfully violated § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3). Defendants knew or should have known of the Act's anti-retaliation provisions, and they took action against their employees to deter them from or punish them for exercising their rights, including by engaging in the conduct described in Paragraph 25.

### **PRAYER FOR RELIEF**

WHEREFORE, the Secretary prays for judgment against Defendants as follows:

(a) For an Order under § 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the FLSA, including §§ 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5); and

(b) For an Order:

(1) Under § 16(c) of the FLSA, 29 U.S.C. § 216(c) finding Defendants liable for all wages due, including minimum wage and overtime compensation, from April 1, 2019, through and including November 30, 2021, to all of Defendants' employees listed in the attached Exhibit A and all other employees later identified by the Secretary, and an additional equal amount as liquidated damages; or

(2) In the event liquidated damages are not awarded, under § 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants and their officers, agents, servants, employees and

those persons in active concert or participation with Defendants, from withholding payment of unpaid back wages found to be due, from April 1, 2019, through and including November 30, 2021, to Defendants' employees, and pre-judgment interest at an appropriate interest rate;

(c) For an Order under § 17 of the FLSA, 29 U.S.C. § 217, reimbursing Defendants' current and former employees listed on the attached Exhibit A and all other employees later identified by the Secretary, for wages lost because of Defendants violating § 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an additional equal amount in liquidated damages;

(d) For an Order under §§ 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and 29 C.F.R. § 516 requiring Defendants to comply with the record keeping requirements of the FLSA and its implementing regulations;

(e) For an Order under § 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3) prohibiting Defendants from discharging or discriminating in any other manner against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to the FLSA, or has testified or is about to testify in any FLSA proceeding;

(f) For an Order providing such further equitable relief as may be deemed necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' interference with the Secretary's investigation and actions to confuse employees about their rights under the FLSA and/or to intimidate or coerce them from exercising their rights under the FLSA; and

///

  (g) For an Order awarding the Secretary the costs of this action.

Dated: September 9, 2022

            SEEMA NANDA
            Solicitor of Labor

            MARC A. PILOTIN
            Regional Solicitor

            ANDREW J. SCHULTZ
            Counsel for Wage and Hour

            */s/ Norman E. Garcia*
            NORMAN E. GARCIA
            Senior Trial Attorney

            Attorneys for Plaintiff
            Secretary of Labor

Complaint 9